**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| WYNNE TRANSPORTATION LLC, | |
| Plaintiff, | |
| | Case No. 24-cv-171 |
| v. | |
| | Hon. John J. Tharp |
| CITY OF CHICAGO, | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
**PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

Defendant City of Chicago (the "City") respectfully moves the Court for an order

dismissing Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

Civil Procedure. In support of this Motion, the City incorporates the memorandum of law in

support being filed concurrently herewith, and states as follows:

1.   Plaintiff Wynne Transportation LLC is a Delaware corporation which has received

money from the State of Texas to arrange for "transport[ing] migrants to Chicago" in order to

"meet the State of Texas' needs." Compl. ¶¶ 10, 11.

2.   In this action, Plaintiff raises various constitutional challenges to a City ordinance,

Municipal Code of Chicago § 9-48-050, and accompanying rules issued by the Commissioner of

the City's Department of Transportation ("CDOT") which regulate "intercity" buses arriving

from destinations outside the immediate vicinity of Chicago. The ordinance requires that

operators of both regularly scheduled and unscheduled intercity buses obtain approval from the

CDOT commissioner before arriving in Chicago; the CDOT rules set certain parameters for

applications by operators of unscheduled intercity buses.

3.   Plaintiff alleges that the City's regulations violate the Supremacy Clause, Dormant

1

Commerce Clause, Equal Protection Clause, and Due Process Clause of the United States

Constitution, as well as the Special Legislation Clause of the Illinois Constitution. As explained

more fully herein and in the accompanying memorandum of law, these claims fail for several

reasons.

4.   First, certain of Plaintiff's claims allege violations of the rights of migrant bus

passengers, but Plaintiff lacks standing to raise such claims because it lacks the necessary close

relationship with these passengers to be able to assert claims on their behalf. Instead, Plaintiff

alleges only a close relationship with the State of Texas, which has hired Plaintiff to orchestrate

the busing of migrants out of the state.

5.   Plaintiff's Supremacy Clause claim erroneously asserts that the ordinance infringes on

federal immigration authority. The City's neutral intercity bus regulations do not turn on the

alienage status of bus operators or passengers, and nothing in them either conflicts with any

federal immigration law or otherwise implicates the field of immigration law.

6.   Plaintiff's Dormant Commerce Clause claim fails because the challenged regulations do

not discriminate against out-of-state commerce either facially or in effect. To the contrary, the

intercity bus regulations apply with equal force to *any* buses originating from outside the vicinity

of Chicago, whether from Illinois cities like Rockford, Springfield, or Carbondale, or from

outside of the state.

7.   The City's regulations also do not violate either equal protection or the Illinois Special

Legislation Clause. Instead, the regulations treat different classes of bus service in a tailored way

that is well within the broad regulatory latitude afforded the City.

8.   Finally, neither the ordinance nor the rules infringe on a fundamental right to travel under

the Due Process Clause. These regulations govern only one particular mode of transportation—

intercity buses—and, even then, impose only minimal application requirements.

WHEREFORE, for the foregoing reasons and the reasons set forth in the memorandum of

law, the City respectfully requests that the Court enter an order dismissing the Complaint against

the City with prejudice and granting such other relief as it deems just and proper.

Date: February 8, 2024                                      Respectfully submitted,

ANDREW WORSECK                                              MARY B. RICHARDSON-LOWRY,
andrew.worseck@cityofchicago.org                            Corporation Counsel
ELLEN MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org                          By:    _/s/ Andrew Worseck_
JOHN V. CASEY                                                      Deputy Corporation Counsel
john.casey@cityofchicago.org
DAVID BRANDON SMITH
david.smith4@cityofchicago.org
City of Chicago, Department of Law
2 North Lasalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-7129 / 2-5147 / 2-0307 / 4-7220

*Attorneys for the City*

3